UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

v.                                         Case No. 8:11-cv-2635-T-27TGW

**GREGORY A. DARST, et al.,**

    **Defendants.**

_____/

## DECREE OF FORECLOSURE AND ORDER OF SALE

This Court entered a final judgment in this action on October 22, 2012 (Dkt. 31), in favor of the plaintiff United States of America and against the defendant Gregory A. Darst for unpaid federal income tax liabilities. The judgment also ordered that the federal tax liens associated with those liabilities be enforced with a judicial sale of real property as follows:

(1) Real property housing a residence located in Manatee County at 5918 22nd Avenue Dr. E., Palmetto, Florida 34221, more particularly described as:

> Lot 10, DEER RUN AT PALM VIEW SUBDIVISION, as per Plat thereof recorded in Plat Book 23, Pages 58, 59 and 60 of the Public Records of Manatee County, Florida, as amended in Official Records Books 1167, Page 1222 of said Public Records.
>
> * * *
> Parcel Appraiser's Identification Number: 6983.0055/5

(Hereinafter "the golf course property"); and

(2) Rental property housing a residence located in Pinellas County at 720 14th Street, N.W., Largo, Florida 33770, more particularly described as:

> Begin at the Southwest corner of the North half of the Northeast Quarter (NE 1/4) of the Northwest Quarter (NW 1/4) of the Northeast Quarter (NE 1/4) of Section

1

33 Township South, Range 15 East; thence run North 55 feet, thence East 183 feet; thence South 55 feet; thence West 181 feet to point of beginning, less Road right of way.

(Hereinafter "the rental property").

The Court now ORDERS that the golf course property and the rental property (collectively "the properties," and individually "each property") shall be sold under 26 U.S.C. §§ 7402(a) and 7403, and 28 U.S.C. §§ 2001 and 2002, to satisfy those liens, as follows:

1. The Internal Revenue Service ("IRS") Property Appraisal and Liquidation Specialists ("PALS") is authorized to offer for public sale and to sell the Properties.

2. The terms and conditions of the sale are as follows:

a. The sale of the properties shall be free and clear of all rights, titles, claims, liens, and interests of all parties to this action, including the plaintiff United States and the defendants Gregory A. Darst, Barbara M. Darst, and the G.A. Darst Trust.

b. The sale of each property may be conducted on the same date or different dates, within the discretion of the PALS.

c. Each sale shall be subject to building liens, if established, all laws, ordinances, and governmental regulations (including building and zoning ordinances) affecting the properties, and easements, restrictions, and reservations of record, if any.

d. Each sale shall be held either at the courthouse of the county or city in which the properties are located or on the properties' premises.

e. The PALS shall announce the date and time for each sale.

f. Notice of each sale shall be published once a week for at least four consecutive weeks before the sale in at least one newspaper regularly issued and of general circulation in Pinellas County for the rental property and Manatee County for the golf course

2

property, and, at the discretion of the PALS, by any other notice that the PALS deems appropriate. Each notice shall contain a description of the properties and shall contain the terms and conditions of sale in this order of sale.

    g. The properties shall be offered for sale "as is," with all faults and without any warranties either express or implied, and the sale shall be made without any right of redemption.

    h. The PALS shall set and adjust the minimum bid for each property. If the minimum bid is not met or exceeded, the PALS may, without further permission of this Court, and under the terms and conditions in this order of sale, hold a new public sale, if necessary, and reduce the minimum bid.

    i. At the time of each sale, the successful bidder(s) shall deposit with the PALS, by money order or by certified check or cashier's check drawn payable to the Clerk of the United States District Court for the Middle District of Florida, a deposit in an amount between five (5) and twenty (20) percent of the minimum bid as specified by the PALS in each published Notice of Sale. Before being permitted to bid at the sale, potential bidders shall display to the PALS proof that they are able to comply with this requirement. No bids will be accepted from any person(s) who have not presented proof that, if they are the successful bidder(s), they can make the deposit required by this order of sale. The United States may bid as a creditor against its judgment without any tender of cash.

    j. The successful bidder(s) shall pay the balance of the purchase price for each property to the clerk of this Court within sixty (60) days following the date of the sale. The money order, certified check or cashier's check drawn payable to the United States District Court for the Middle District of Florida shall be given to the PALS who will

deposit the funds with the Clerk of this Court. If the bidder on any of the properties fails to fulfill this requirement, the sale shall be treated as null and void, and the deposit shall be forfeited as damages and applied to the judgment for the federal tax liabilities against Gregory A. Darst entered in this case. The Clerk shall distribute the deposit as directed by the PALS by check drawn payable to the "United States Treasury." Any such property shall be again offered for sale under the terms and conditions of this order of sale or, in the alternative, sold to the second highest bidder. The successful bidder(s) at the new sale or second highest bidder, as the case may be, shall receive any such property free and clear of all rights, titles, claims, liens, and interests of the defaulting bidder(s).

k. The Clerk of the United States District Court for the Middle District of Florida is directed to accept the deposits and proceeds of each sale and deposit them into the Court's registry for distribution as provided for herein or pursuant to further Order of this Court.

l. The sale of each property shall be subject to confirmation by this Court. On confirmation of the sale, ownership and possession of the properties shall transfer to the successful bidder(s) and all interests in, liens against, and titles and claims to, the properties that are held or asserted by all parties to this action are discharged and extinguished. After the confirmation of the sale, the IRS shall execute and deliver a deed under the authority of this Court conveying the properties, effective as of the date of the confirmation of the sale, to the successful bidder(s). The successful bidder(s) shall pay, in addition to the amount of the bid, any documentary stamps and registry fees as provided by law.

m. The successful bidder(s) may elect to record in the local registry of deeds the

order confirming the sale of the properties. The recording of a certified copy of an order of this Court confirming the sale of the properties shall be conclusive evidence of the conveyance of the properties, effective as of the date of the confirmation of the sale, to the successful bidder(s) free and clear of all rights, titles, claims, liens, and interests of all parties to this action. If the successful bidder(s) make(s) this election, the IRS may still execute and deliver a deed under the authority of this Court conveying the properties to the successful bidder(s) as a confirmation of the conveyance.

n. All rights to rents of or from the properties arising after the final judgment in this action and before the confirmation of the sale of the properties shall constitute proceeds of the properties and such rents shall be turned over to, and paid to, the PALS for deposit and distribution in the same manner as the proceeds of the sale of the properties. On confirmation of the sale of the properties, all rights to product, offspring, rents, and profits of or from the properties arising thereafter shall transfer to the successful bidder(s) and all risks of losses associated with the properties shall transfer to the successful bidder(s).

o. The United States may withdraw the properties from sale up until the time the sale is confirmed. If a property is withdrawn from sale, the entire deposit shall be returned and the PALS may, without further permission of this Court, and under the terms and conditions in this order of sale, and hold a new public auction.

3. Until the sale of each of the properties is confirmed, Gregory A. Darst shall take all reasonable steps necessary to preserve the properties (including all buildings, improvements, fixtures, and appurtenances on the properties) in their current conditions including, without limitation, maintaining fire and casualty insurance policies on the properties, and Gregory A.

Darst and all occupants of the properties shall neither commit waste against the properties nor cause or permit anyone else to do so. The defendants shall neither do anything that tends to reduce the value or marketability of the properties nor cause or permit anyone else to do so. The defendants shall not record any instruments, publish any notice, or take any such action (such as running newspaper advertisements, posting signs, or making internet postings) that may directly or indirectly tend to adversely affect the value of the properties or that may tend to deter or discourage potential bidders from participating in the public auction, nor shall they cause or permit anyone else to do so.

4.  **All persons occupying the properties shall vacate the properties permanently within 60 days of the date of this order of sale**, each taking with them his or her personal property (but leaving all improvements, buildings, fixtures, and appurtenances to the properties). If any person fails or refuses to vacate the properties by the date specified in this order of sale, the PALS are authorized to coordinate with the United States Marshal to take all actions that are reasonably necessary to have those persons ejected. Any personal property remaining on the properties after 60 days of the date of this order of sale is deemed forfeited and abandoned, and the PALS are authorized to dispose of it in any manner they see fit, including sale, in which case the proceeds of the sale are to be applied first to the expenses of the sale and the balance to be paid into the Court registry for further distribution. Checks for the purchase of the personal property shall be drawn payable to the Clerk of the United States Court for the Middle District of Florida.

5.  No later than two business days after vacating the properties pursuant to the deadline set forth in paragraph 4 above, defendant Gregory A. Darst shall notify counsel for the United States of a forwarding address where he can be reached. Notification shall be made by

contacting the Department of Justice Tax Division Financial Litigation Unit at (202) 514-6674.

6. Until the confirmation of the sale of the properties, the PALS is authorized to have free and full access to the properties in order to take any and all actions necessary to preserve the properties, including, but not limited to, retaining a locksmith or other person to change or install locks or other security devices on any part of the properties.

7. After the Court confirms the sale of the properties, the sales proceeds deposited with the Clerk of this Court should be applied to the following items, in the order specified below:

    a. First, to the United States Treasury for the costs and expenses of the sale, including any costs and expenses incurred to secure or maintain the properties pending sale and confirmation by the Court;

    b. Second, to the plaintiff United States of America for application to the liability then outstanding in connection with unpaid federal income tax liabilities of the defendant Gregory A. Darst including all accrued statutory penalties, additions, and interest, until fully paid for the 1993 through 1998 tax years;

    c. Any further remaining sale proceeds shall be held in the Court's registry pending further order of the Court.

**DONE AND ORDERED** this 1st day of November 2012.

JAMES D. WHITTEMORE
**United States District Judge**

Copies to:
Counsel of Record
Unrepresented parties